## Hibbard v. Hibbard.

(Decided May 7, 1929.)

M. L. HARBESON for appellant.

A. L. INSKEEP for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In this action by Mildred Hibbard against her husband, Edgar Hibbard, to recover alimony, the chancellor dismissed the petition, and plaintiff appeals.

The parties were married on January 21, 1928, and came to Covington to reside. They purchased a home there, and the principal portion, if not all, of the purchase price was paid by appellant. The furniture was bought by appellee on the installment plan, and had not been paid for. They lived together until November 6, 1928. Late on the afternoon of that date appellee drove to his home with his brother in an automobile and removed therefrom his personal effects, leaving only the mortgaged furniture and the property of his wife of a

personal nature. When she returned she telephoned her mother, who came to the home and found her in tears. After the automobile was loaded, appellee and his brother drove off and did not return. Appellant remained at the home until Saturday, November 10th, in the hope that appellee would return. About the time appellee left he went to the seller of the furniture, released his claim threon, and directed the seller to get it. There was further evidence that appellee had expressed his dissatisfaction with married life and stated that he had taken a notion he wanted to live with his mother, and had left his wife. There was also evidence to the effect that, after the separation, appellee came to the house where his wife was boarding, asked for his wife, and in the course of a conversation with the witness stated that he did not know whether he and his wife were going back together, but that his wife wanted him to. It was also made to appear that after the separation appellee, together with appellant, came to her mother's home and stated to her mother that they were going back together, but he never returned for appellant.

Though not pleaded, the principal defense relied on by appellee is that he and appellant separated by mutual agreement. It is insisted that this was clearly established by appellant's statement to two witnesses that "they had agreed to disagree," and that after the separation the home was reconveyed to the vendor by a conveyance in which appellee joined, and that appellant received the whole consideration amounting to $200.

It is difficult to gather from the record the cause of the separation. The marriage relation is not one to be lightly set aside. The husband's duty to support his wife is not one that he may escape because he is dissatisfied with married life, or has a desire to live with his mother. A fair conclusion from the record is that appellant abandoned his wife, and that after the separation she agreed to live with him and he consented to do so, but declined to carry out the arrangement. The evidence does not support the contention that the separation was by mutual agreement, or that the parties reached a fair and equitable settlement of their property rights. We do not find in the record any evidence of such fault or misconduct on the part of appellant as would forfeit her right to alimony. She is still appellee's wife. Nothing has occurred that would relieve him of the duty to sup-

port her. Her property is of small value. Appellee is a switchman, and received good wages. In the light of all the circumstances, we conclude that she is entitled to alimony at the rate of $40 a month.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.